UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Georgia-Pacific Consumer
Products LP, *et al.*,

      Plaintiffs,

   v.                               Case No. 1:09cv323

Superior Janitor Supply, Inc.,        Judge Michael R. Barrett

      Defendant.

**<u>OPINION & ORDER</u>**

This matter is before the Court upon Defendant Superior Janitor Supply's Motion to Dismiss (Doc. 38), Plaintiffs' Response in Opposition (Doc. 39) and Defendant's Reply (Doc. 42). In addition, on August 30, 2011, the Court heard oral argument on Defendant's Motion to Dismiss. (Doc. 46).

**I.    BACKGROUND**

Defendant Superior Janitor Supply distributes paper towels manufactured by the von Drehle Corporation. Superior sells von Drehle's 810B paper towel roll, which customers use in Plaintiffs' enMotion dispenser. Plaintiffs' registered trademark appears on the outside of the enMotion dispenser.

Plaintiffs sued the von Drehle Corporation and another distributor of the 810B paper towel roll in the Eastern District of North Carolina. Plaintiffs alleged that the placement of the 810B paper towel roll in the enMotion dispenser was trademark infringement under the Lanham Act. Plaintiffs also brought several state law claims. The court granted von Drehle's motion for summary judgment and dismissed all of Plaintiffs' claims. The court

found that Plaintiffs failed to show that von Drehle's sale of its 810B paper towel rolls caused customer confusion. The court explained that the end-users of the paper towel rolls are the business owners who purchase the rolls from distributors for enMotion dispensers, and those end-users know from which company they are purchasing the paper towels. On appeal, the Fourth Circuit vacated the district court's ruling and remanded the case for a determination regarding the confusion of consumers using the paper towels in bathrooms. *Georgia Pacific Consumer Products v. von Drehle Corp.*, 681 F.3d 441, 455 (4th Cir. 2010).

Plaintiffs filed a similar suit in the Western District of Arkansas against Myers Supply, Inc., a von Drehle distributor. The court dismissed Plaintiffs' claims with the exception of Plaintiffs' claims for contributory trademark infringement. After a bench trial, the court dismissed that claim, finding there was no likelihood of confusion. On appeal, the Eighth Circuit affirmed both the finding of no likelihood of confusion and the dismissal of Plaintiffs' other claims on summary judgment. *Georgia-Pacific Consumer Products LP v. Myers Supply, Inc.*, 621 F.3d 771, 777, 779 (8th Cir. 2010).

In this action, Plaintiffs bring the following claims against Defendant: (1) false representation and false designation of origin and dilution under the Lanham Act, 15 U.S.C. § 1125, (2) contributory trademark infringement under the Lanham Act, 15 U.S.C. § 1114, (3) counterfeiting, 15 U.S.C. § 1114(1)(a), (4) Ohio common law unfair competition, (5) tortious interference with contractual relationships under Ohio law, (6) tortious interference with business relationships under Ohio law, and (7) violation of the Ohio Deceptive Trade Practices Act.

**II.  ANALYSIS**

    **A.  Standard of Review**

Issue preclusion may be properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Logan Farms v. HBH, Inc. DE*, 282 F.Supp.2d 776, 786 (S.D.Ohio 2003), *citing Westwood Chem. Co., Inc. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981).  However, Plaintiffs argue that Defendant's motion relies upon materials outside the pleadings, and therefore should be converted to a motion for summary judgment.  Once "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed.R.Civ.P. 12(b).  Defendant does not dispute that the motion to dismiss is properly treated as one for summary judgment.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this initial burden, the non-movant cannot rest on its pleadings, but must show that there is a genuine issue for trial.  *Id.* at 324.

    **B.  Federal claims**

The doctrine of issue preclusion "precludes relitigation of issues of fact or law actually litigated and decided in a prior action between the same parties and necessary to the judgment, even if decided as part of a different claim or cause of action." *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 661 (6th Cir. 1990).  The

purposes of the doctrine include "shield[ing] litigants (and the judicial system) from the burden of re-litigating identical issues and . . . avoid[ing] inconsistent results." *Gilbert v. Ferry*, 413 F.3d 578, 580 (6th Cir. 2005), *citing* 18 Wright, Miller & Cooper, *Federal Practice & Procedure: Jurisdiction* § 4403. The four prerequisites for issue preclusion are:

> 1) the issue precluded must be the same one involved in the prior proceeding; 2) the issue must actually have been litigated in the prior proceeding; 3) determination of the issue must have been a critical and necessary part of the decision in the prior proceeding; and 4) the prior forum must have provided the party against whom estoppel is asserted a full and fair opportunity to litigate the issue.

*Cent. Transp., Inc. v. Four Phase Sys., Inc.*, 936 F.2d 256, 259 (6th Cir. 1991), *citing N.L.R.B. v. Master Slack and/or Master Trousers Corp.*, 773 F.2d 77, 81 (6th Cir. 1985).

Defendant argues that Plaintiffs' claims are barred by issue preclusion because: the issues raised in this lawsuit are identical to the issues raised by Plaintiff in the Eighth Circuit proceedings against another von Drehle distributor—Myers Supply; the issues were litigated and decided against Plaintiff in the Eighth Circuit proceedings; the resolution of the issues was necessary and essential to a judgment on the merits and on appeal; and the party to be estopped here—Georgia-Pacific—was a party to the Eighth Circuit proceedings; and Georgia-Pacific had a full and fair opportunity to litigate the issues in the Eighth Circuit proceedings.

Plaintiffs argue that the determination by the Eighth Circuit and the Fourth Circuit are in conflict, and therefore the doctrine of issue preclusion is inapplicable. The Court finds that the two cases are not in conflict, but are merely in different procedural postures. The Fourth Circuit found that the grant of summary judgment was improper, and Georgia-Pacific was instead entitled to a trial on the merits. The case in the Eighth Circuit was on

appeal after a bench trial. The Eighth Circuit specifically addressed and distinguished the Fourth Circuit decision:

> Significantly, the Fourth Circuit rendered no opinion whether Georgia-Pacific had proven a likelihood of confusion by bathroom consumers. Rather, it held only that the evidence offered by Georgia-Pacific-the same consumer-surveys presented in this circuit-created a genuine issue of material fact as to the likelihood of confusion, remanding the case for trial.
>
> The district court here, like the Fourth Circuit, denied summary judgment; it held a bench trial. Considering all the facts, including the consumer-surveys, the district court found no likelihood of confusion. Because the court here fully considered the evidence relating to confusion by bathroom consumers, the Fourth Circuit's decision is not helpful in this case.

621 F.3d at 775-76.

Next, Plaintiffs argue that the eight-factor test employed in Sixth Circuit to determine whether there is a likelihood of confusion is not the same as the test used in the Eighth Circuit. In the Sixth Circuit, courts considers:

> 1) the strength of the plaintiff's mark; 2) the relatedness of the goods; 3) the similarity of the marks; 4) evidence of actual confusion; 5) the marketing channels used; 6) the likely degree of purchaser care; 7) the defendant's intent in selecting the mark; and 8) the likelihood of expansion in the product lines of the parties.

*Frisch's Rests., Inc. v. Elby's Big Boy of Steubenville, Inc.*, 670 F.2d 642, 648 (6th Cir. 1982). The test used by the Eighth Circuit in the *Myers* case is as follows:

> 1) the strength of the plaintiff's mark; 2) the similarity between the plaintiff's mark and the alleged infringing mark; 3) the degree to which the allegedly infringing product competes with the plaintiff's goods; 4) the alleged infringer's intent to confuse the public; 5) the degree of care reasonably expected of potential customers; and 6) evidence of actual confusion. *Davis v. Walt Disney Co.*, 430 F.3d 901, 903 (8th Cir. 2005), *citing SquirtCo v. Seven-Up Co.*, 628 F.2d 1086, 1091 (8th Cir. 1980).

*Georgia-Pacific Consumer Products LP v. Myers Supply, Inc.*, 621 F.3d at 775.

While there are slight differences in the two tests, the Sixth Circuit has explained

that the eight analytical factors "imply no mathematical precision, but are simply a guide to help determine whether confusion is likely." *AutoZone, Inc. v. Tandy Corp.*, 373 F.3d 786, 793 (6th Cir. 2004). Therefore, "a plaintiff need not show that all, or even most, of the factors listed are present in any particular case to be successful." *Wynn Oil Co. v. Thomas*, 839 F.2d 1183, 1186 (6th Cir. 1988). Furthermore, the factors are "interrelated in effect." 373 F.3d at 793.

Plaintiffs argue that the facts considered by the Eight Circuit in the *Myers* case are too dissimilar to the facts in this case. Specifically, Plaintiffs explain that this case involves a different geographic area, and there has been no finding regarding a likelihood of confusion as to consumers in Ohio and Northern Kentucky.

The Sixth Circuit has instructed that in determining whether there is a likelihood of confusion "[e]ach case presents its own complex set of circumstances." *Id.* (quoting Homeowners Group, Inc. v. Home Mktg. Specialists, Inc., 931 F.2d 1100, 1107 (6th Cir. 1991)). Furthermore, "not all of the [eight] factors may be particularly helpful in any given case." *Id.* The differences between the consumers in this case, and the consumers in the *Myers* case cautions against the application of issue preclusion in this case.

In addition, the defendant in this case, is different from the defendant in the *Myers* case. The Sixth Circuit has explained that if a court finds that a defendant chose a mark with the intent of causing confusion or deriving a benefit from the plaintiff's reputation or goodwill, "that fact alone may be sufficient to justify an inference of confusing similarity." *Audi AG v. D'Amato*, 469 F.3d 534, 544 (6th Cir. 2006). The Court finds that even though the defendants in both cases are distributors of the vonDrehle paper towel, the Sixth Circuit

has made it clear that intent is a critical factor. As such, issue preclusion would appear to be inapplicable.

Plaintiffs also argue that there are changed circumstances between this case and the *Myers* case. Plaintiffs have introduced evidence that the enMotion line has been expanded to include soap and hand sanitizer dispensers. (See Doc. 39-5, Ex. E) The Sixth Circuit has explained that:

> [A] 'strong possibility' that either party will expand his business to compete with the other or be marketed to the same consumers will weigh in favor of finding that the present use is infringing." *Homeowners Group*, 931 F.2d at 1112 (citing Restatement of Torts § 731(b) & comment c (1938)). A geographic expansion or an increase in the types of products or services offered can be relevant.

*Daddy's Junky Music Stores, Inc. v. Big Daddy's Family Music Center*, 109 F.3d 275, 287 (6th Cir. 1997). Therefore, if Plaintiffs can show that there has been an expansion in their business, this would be relevant to the likelihood of confusion analysis.

The Court concludes that this case presents a close call. However, because there has been no finding regarding a likelihood of confusion as to consumers in Ohio and Northern Kentucky or Defendant's intent in selecting the mark, issue preclusion is not applicable. Moreover, Plaintiffs have presented evidence that the enMotion line has been expanded to include soap and hand sanitizer dispensers. For these reasons, the Court concludes that Plaintiffs are not precluded from bringing their claims under the Lanham Act.

### C. State law claims

Finally, Plaintiffs argue that they have did not have a full and fair opportunity to litigate their Ohio law claims in the Arkansas court. While the claims brought in the *Myers*

case are similar, those claims were brought pursuant to Arkansas law.

Where a federal court is sitting in diversity and state substantive law is at issue, the federal court's judgment is given the same preclusive effect as a state court's judgment. *Semtek International Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001); *see, e.g.*, *Quality Measurement Co. v. IPSOS S.A.*, 2003 WL 77206, *3 (6th Cir. Jan. 8, 2003) (Ohio district court to give Indiana district court's judgment on claims for breach of contract and misappropriation of trade secrets under Indiana law same preclusive effect as Indiana state court's judgment would receive).

Under Arkansas law, issue preclusion is applied where: (1) the issue sought to be precluded is the same as that involved in earlier litigation; (2) the issue must have been actually litigated; (3) the issue must have been determined by a valid and final judgment; and (4) the determination must have been essential to the judgment. *Arkansas Office of Child Support Enforcement v. Willis*, 59 S.W.3d 438, 444 (Ark. 2001).

In *Myers*, the Eighth Circuit court affirmed the dismissal of Georgia-Pacific's tortious interference claim. 621 F.3d at 779. The court concluded that summary judgment was proper because the conduct of the defendant in that case–Myers Supply–was not improper. The court's conclusion rested heavily on the lack of evidence that Myers Supply knew that the 810B paper towels were being placed in dispensers in violation of subleases between its customers and Georgia-Pacific. However, the issue of whether the defendant in this case–Superior Janitor Supply–acted improperly was not actually litigated in the *Myers* case. Therefore, this Court concludes that Plaintiffs are not precluded from bringing their claims under Ohio law.

### III. CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that Defendant Superior Janitor Supply's Motion to Dismiss (Doc. 38) is **DENIED**.

**IT IS SO ORDERED.**

                                        */s/ Michael R. Barrett*
                                        Michael R. Barrett, Judge
                                        United States District Court