**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Georgia-Pacific Consumer
Products LP, *et al.*,

       Plaintiffs,

    v.                                 Case No. 1:09cv323

Superior Janitor Supply, Inc.,           Judge Michael R. Barrett

       Defendant.

## OPINION & ORDER

This matter is before the Court upon Defendant Superior Janitor Supply's Motion for Certification of an Interlocutory Appeal (Doc. 51), Plaintiffs' Memorandum in Opposition thereto (Doc. 53), and Defendant's Reply (Doc. 59).

On September 8, 2011, this Court entered its Opinion and Order denying Defendant's Motion to Dismiss Plaintiffs' Complaint based on issue preclusion. (Doc. 49.) Defendant argues that grounds exist for this Court to certify an interlocutory appeal of that order.

According to the applicable statute, a request for an interlocutory appeal should be granted:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . .

28 U.S.C. § 1292(b).  However, "[r]eview under § 1292(b) is granted sparingly and only in exceptional cases." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002).

Plaintiffs argue that certification should not be granted because this Court's decision involved questions of fact, rather than a controlling question of law.  However, Plaintiffs acknowledge that this Court's decision turned on the question of issue preclusion.  The Court finds that because Defendant is seeking to certify this very question to the Sixth Circuit, Defendant has satisfied the element of a controlling question of law.

The next element is whether there is a substantial ground for difference of opinion regarding the controlling question of law.  One district court has determined that a substantial grounds for a difference of opinion exist when (1) the issue is difficult and of first impression; (2) a difference of opinion exists within the controlling circuit; or (3) the circuits are split on the issue.  *West Tennessee Chapter of Associated Builders and Contractors, Inc. v. City of Memphis*, 138 F.Supp.2d 1015, 1019 (W.D.Tenn. 2000) (citations omitted).

The legal issue in this case is not difficult and of first impression.  In reaching the determination that issue preclusion did not apply, this Court applied well-established law.  Specifically, the Court applied the Sixth Circuit's four-part test for issue preclusion.  As Plaintiffs point out, both sides relied on this same legal standard.  There is no difference of opinion regarding the application of issue preclusion within the Sixth Circuit, even though Defendant would object to the Court's application of the test to the facts of this case.[1] Likewise, there is no difference of opinion regarding the underlying issue of trademark infringement.  Finally, there is no circuit split on the question of issue preclusion or

---

[1]The Court notes that Defendant frames the issue as: what is the geographic scope of a finding of "no trademark infringement" by a federal court.  The Court finds that this argument has some appeal.  However, the dispositive issue is likelihood of confusion, which is necessarily dependant upon a factual determination.

trademark infringement.  This Court acknowledged that there was a slight difference between the tests for likelihood of confusion in the Sixth and Eighth Circuit, but noted that the tests were comprised of factors to be weighed, not prerequisites to be met.  Therefore, the Court finds that there is not a controlling question of law as to which there is substantial ground for difference of opinion.

In the alternative, the Court finds that even if the first elements for certification had been met, the Court finds that an immediate appeal from the order would not materially advance the ultimate termination of the litigation.  These parties remain involved in litigation in this Court, the Northern District of Ohio, the District of Nevada, and the Eastern District of North Carolina.  A ruling from the Sixth Circuit would only be binding on this Court and the Northern District of Ohio.  Furthermore, this case and the case pending in the Eastern District of North Carolina are scheduled for trial next month.  As such, there is very little remaining in the course of litigation in these two cases.

Based on the foregoing, Defendant Superior Janitor Supply's Motion to for Certification of an Interlocutory Appeal (Doc. 51) is **DENIED**.

**IT IS SO ORDERED.**

/s/ Michael R. Barrett
Michael R. Barrett, Judge
United States District Court