**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Georgia-Pacific Consumer
Products LP, *et al.*,

        Plaintiffs,

    v.                                  Case No. 1:09cv323

Superior Janitor Supply, Inc.,                Judge Michael R. Barrett

        Defendant.

### OPINION & ORDER

This matter is before the Court upon Defendant's Motion for Reconsideration (Doc. 71) and Plaintiffs' Motion to Dismiss without Prejudice and Memorandum in Opposition to Motion for Reconsideration (Doc. 73).   This matter is fully briefed.   (Docs. 74, 75, 76, 77).   In addition, Plaintiffs have filed a Notice of Supplemental Authority (Doc. 78).

Plaintiffs Georgia-Pacific Consumer Products LP and Georgia-Pacific LLC own trademarks related to a touchless towel dispenser system.   Plaintiffs lease the towel dispensers to distributors, who then sublease the dispensers to end-users.   Plaintiffs' dispensers and towels are intended to be used together.   The lease and sublease agreements with distributors and end-users require the end users to stock dispensers with only Plaintiffs' towels.

Defendant, Superior Janitor Supply, Inc., is a distributor of janitorial supplies and distributes paper towels manufactured by the Von Drehle Corporation.   Defendant sells Von Drehle's 810B paper towel roll for use in Plaintiffs' paper towel dispenser.

Plaintiffs bring the following claims against Defendant: (1) false representation and

false designation of origin and dilution under the Lanham Act, 15 U.S.C. § 1125, (2) contributory trademark infringement under the Lanham Act, 15 U.S.C. § 1114, (3) counterfeiting, 15 U.S.C. § 1114(1)(a), (4) Ohio common law unfair competition, (5) tortious interference with contractual relationships under Ohio law, (6) tortious interference with business relationships under Ohio law, and (7) violation of the Ohio Deceptive Trade Practices Act.

Plaintiffs filed similar suits in the Western District of Arkansas and the Northern District of Ohio.[1]  The Western District of Arkansas dismissed Plaintiffs' claims with the exception of the contributory trademark infringement claim, which the Court dismissed after a bench trial.   The judgment was appealed to the Eighth Circuit, which affirmed the district court.  *See Georgia-Pacific Consumer Products LP v. Myers Supply, Inc.*, 621 F.3d 771 (8th Cir. 2010).   Based on the Eighth Circuit's decision, Defendant argued to this Court that Plaintiffs' claims were barred by issue preclusion, and moved to dismiss the Amended Complaint.   (Doc. 38).   While this Court noted that this case "presents a close call," on September 8, 2011, it distinguished the Eighth Circuit decision and denied Defendant's Motion to Dismiss.   (Doc. 49).

However, the Northern District of Ohio granted a motion to dismiss based on the doctrine of issue preclusion and the Eighth Circuit case.   *See Georgia-Pacific Consumer Products, L.P. et al., v. Four-U Packing, Inc.*, 821 F.Supp.2d 948, 955 (N.D. Ohio 2011). This Court granted a joint motion to stay this case while during the pendency of the appeal

---

[1]In the Northern District of Ohio complaint, Georgia-Pacific brought the following claims: (1) false representation and false designation of origin and dilution under the Lanham Act, 15 U.S.C. § 1125; (2) contributory trademark infringement under the Lanham Act, 15 U.S.C. § 1114; (3) counterfeiting under the Lanham Act, 15 U.S.C. § 1114(1)(a); (4) common law unfair competition; (5) tortious interference with contractual relationships; (6) tortious interference with business relationships; and (7) a violation of the Ohio Deceptive Trade Practices Act, Ohio Rev.Code §§ 4165.01 *et seq.*

of that decision. (Doc. 67). On appeal, the Sixth Circuit affirmed dismissal. *Georgia-Pacific Consumer Products, L.P. et al v. Four-U Packaging, Inc.*, 701 F.3d 1093 (6th Cir. 2012).

Defendant has now filed a Motion for Reconsideration (Doc. 71), arguing that the Court should reconsider its prior decision denying Defendant's Motion to Dismiss based the Sixth Circuit's decision in *Four-U Packaging*. Plaintiffs disagree, and instead move to dismiss this case without prejudice based on litigation pending in North Carolina. Specifically, Plaintiffs argue that a permanent injunction against the Von Drehle Corporation entered by the Eastern District of North Carolina renders this case moot because Superior's supply of the infringing product has been cut off.

Although a motion for reconsideration is not mentioned in the Federal Rules of Civil Procedure, the Sixth Circuit has often treated such motions as a motion to amend judgment under Rule 59(e) . *McDowell v. Dynamics Corp. of America*, 931 F.2d 380 (6th Cir. 1991); *Shivers v. Grubbs.* 747 F.Supp.434 (S.D. Ohio 1990). "Under Rule 59, a court may alter the judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). Because this Court is bound by the Sixth Circuit's intervening decision in *Georgia-Pacific Consumer Products, L.P. et al v. Four-U Packaging, Inc.*, the requirements under Federal Rule of Civil Procedure 59(e) have been met. Therefore, the Court will reconsider its September 8, 2011 decision denying Defendant's Motion to Dismiss. (Doc. 49).

In *Georgia-Pacific Consumer Products, L.P. et al v. Four-U Packaging, Inc.*, the

Sixth Circuit held that Georgia-Pacific's claims were precluded by the Eighth Circuit's decision in *Myers Supply*.   701 F.3d at 1103.   The Sixth Circuit concluded that applying the doctrine of issue preclusion posed no risk of creating inconsistent rulings, and therefore Georgia-Pacific was barred from asserting its claims against Four-U.   *Id*.

This Court sees no reason to distinguish *Four-U Packaging* from this case.   The claims in the two cases are identical.   The Sixth Circuit made it clear that the factual differences this Court identified between this case and *Myers Supply* were inconsequential.   Specifically, the Sixth Circuit explained: "The fact that two distinct defendants were sued in *Myers Supply* and this case has no significant bearing on whether issue preclusion applies."   *Id*. at 1098.   The Sixth Circuit also explained: "The difference in geographic regions between this case and *Myers Supply* is also immaterial."   *Id*. at 1099.   Therefore, applying the doctrine of issue preclusion, the Eighth Circuit's ruling in *Myers Supply* bars Plaintiffs' claims.

Based on the foregoing, Defendant's Motion for Reconsideration (Doc. 71) is **GRANTED**.   Accordingly, this Court's Opinion and Order denying Defendant's Motion to Dismiss (Doc. 49) is **VACATED** and Defendant's Motion to Dismiss (Doc. 38) is hereby **GRANTED**.   Plaintiffs' claims are **DISMISSED with PREJUDICE**.   Plaintiffs' Motion to Dismiss without Prejudice and Memorandum in Opposition to Motion for Reconsideration (Doc. 73) is **DENIED as MOOT**.   This matter shall be **CLOSED** and **TERMINATED** from the active docket of this Court.

   **IT IS SO ORDERED.**

   */s/ Michael R. Barrett*
   Michael R. Barrett, Judge
   United States District Court

4